

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 16, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol
Austin, Texas 78711

Opinion No. M-92

Re: Whether the value of an indebted-
ness secured by mortgages against
real estate located in Canada and
held by a resident decedent of
this State should be included in
computing the amount of inherit-
ance taxes due.

Dear Mr. Calvert:

You have requested the opinion of this Office on the
above captioned question. We quote the following excerpt
from your letter of request:

"We desire the opinion of your office
with respect to the inclusion of mortgages
against real estate located in Canada for
inheritance tax purposes held by a resident
of the State of Texas.

"... /The Decedent7 died testate a resi-
dent of Harris County, Texas, on November 9,
1965, and among the assets of his estate were
mortgages on real estate located in Canada
and payable in Canada in the amount of
$22,581.00. These mortgages were omitted
from the State Inheritance Tax Return by
.... the attorney for the estate, because he
stated that Texas did not have jurisdiction
under Texas Inheritance Tax Laws over a mort-
gage on real property situated in Canada, to
which this Department does not agree.

"It has been the rule of the Department
for many years to include for inheritance tax

-417-

purposes intangibles owned by a resident of
the State of Texas regardless of whether such
intangibles are located within or without the
State of Texas. This rule also covered in-
tangibles subject to foreign jurisdiction.

"Please advise this Department whether
our rule is correct."

A mortgage is merely security for the payment of a
debt. 39 Tex.Jur.2d 12, Mortgages and Trust Deeds, Sec. 4,
and authorities cited therein. We are therefore rephrasing
your question to read as follows:

"Whether the value of an indebtedness
secured by mortgages against real estate
located in Canada and held by a resident
decedent of this State should be included
in computing the amount of inheritance taxes
due."

Article 14.01, Chapter 14, Title 122A, Taxation-General
20A, Vernon's Civil Statutes, provides for the inheritance tax,
in part, as follows:

"All property within the jurisdiction of
this State, ..., regardless of whether such
property is located within or without this
State, ..., shall, upon passing to or for the
use of any person, ... be subject to a tax ..."

The attorney for the estate has written us with regard
to the matter under consideration, putting forth his contention
that Article II(c) of the 1961 treaty between the United States
and Canada (13 U.S.T. 382), in providing that debts shall be
deemed to be situated at the place where the debtor was ordi-
narily resident, would, in the instant case, preclude the State
of Texas from including in the estate the indebtedness, and
mortgage securing the payment thereof.

Article I of such treaty, in part, provides as follows:

"1. The taxes referred to in this Convention
are:
(a) for the United States of America:
the Federal estate tax;
(b) for Canada; the estate tax imposed
by the Government of Canada."

Such limitation excludes from coverage by the treaty the inheritance tax levied by the State of Texas or any other tax levied by any state and, therefore, such treaty has no bearing upon any such tax.

By Opinion No. 0-6122 (1944), this Office upon authorities cited therein, expressed the opinion that the legal ownership of intangibles by one in Texas gives such intangibles a business situs in Texas and makes them "property within the jurisdiction of this State." The inclusion of such intangibles owned by Texas residents has been the administrative policy of the Comptroller's office since the date of such opinion and we have no basis for overturning such opinion or the administrative policy in conformity therewith. Therefore, it is the opinion of this Office that the value of the indebtedness secured by the mortgages should be included in the estate when computing the amount of inheritance taxes due.

SUMMARY

The value of an indebtedness secured by mortgages against real estate located in Canada and held by a resident decedent of this State should be included in the estate when computing the amount of inheritance taxes due.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

MMP:ms

Prepared by Marietta McGregor Payne
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Harold Kennedy
Mario G. Obledo
Louis Berry
Robert Flowers

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.